# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TERRY LEE SIMONTON, JR., | No. 4:19-CV-00528 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | (Chief Magistrate Judge Schwab) |
| MEGAN E. RYLAND-TANNER, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 25, 2020**

Terry Lee Simonton, Jr., filed this amended 42 U.S.C. § 1983 complaint alleging that three individuals violated his due process rights with respect to Simonton's prior state court conviction.[1] In December 2019, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation recommending that this Court dismiss Simonton's complaint with prejudice for failure to state a claim for relief.[2] Specifically, Chief Magistrate Judge Schwab recommends concluding that two defendants are protected by absolute immunity, and that Simonton has failed to allege any personal involvement on the part of the third defendant.[3]

After receiving an extension of time, Simonton filed timely objections to the Report and Recommendation.[4] "If a party objects timely to a magistrate judge's report

---

[1] Doc. 14.
[2] Doc. 15.
[3] *Id.*
[4] Docs. 18, 19.

and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6] After reviewing the record de novo, the Court finds no error in Chief Magistrate Judge Schwab's recommendation that Simonton's amended complaint be dismissed with prejudice.[7] Consequently, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 15) is **ADOPTED**;

2. Simonton's amended 42 U.S.C. § 1983 complaint (Doc. 14) is **DISMISSED** with prejudice; and

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[7] The Court also notes that Simonton's amended complaint centers on his claim that false testimony was admitted at his criminal trial, which purportedly "allowed a jury to convict an innocent man." (Doc. 14 at 5). Thus, finding for Simonton in this matter would necessarily invalidate his state court conviction and, because that conviction remains valid, this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).